# IN THE COURT OF APPEALS OF IOWA

No. 14-0491
Filed November 26, 2014

**STEPHANIE A. MOORE,**
    Petitioner-Appellant,

**vs.**

**JEFFREY S. STEGNER,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Scott County, Stuart Werling, Judge.

A mother appeals from the denial of her petition to modify the visitation provisions of a paternity decree. **AFFIRMED.**

Harold J. De Lange II, Davenport, for appellant.

Cynthia Z. Taylor of Zamora, Taylor, Woods & Frederick, Davenport, for appellee.

Considered by Danilson, C.J., and Doyle and Tabor, JJ.

**DOYLE, J.**

A mother appeals from the denial of her application to modify the visitation provisions of a paternity decree, claiming the district court erred in finding no material change in circumstances had occurred to merit modification of the decree. We affirm.

## I. Background Facts and Proceedings

Stephanie Moore and Jeffrey Stegner have one child; they entered into a stipulated agreement regarding visitation in April 2012.[1] Stephanie filed an application to modify this decree in January 2013 to structure Jeffrey's visitation so that the child would be with her when Jeffrey was at work. Because Jeffrey had obtained full-time employment, Stephanie also requested modification of child support. Jeffrey resisted the application to modify.

Following a hearing, the district court found Stephanie's dissatisfaction with the visitation schedule mainly stemmed from the fact the child spent time with extended family during Jeffrey's visitation. At times, Jeffrey's mother, an in-home daycare provider, cared for the child while Jeffrey was at work. Stephanie believed if Jeffrey was at work during one of his visitation periods, the child should be with her. Stephanie acknowledged, however, that at the time the paternity decree was entered, she understood Jeffrey's mother would be watching the child while Jeffrey was at school. Stephanie also stated she wanted

---

[1] The visitation schedule provided the following terms:
Mother: Friday at 5:00 p.m. until Tuesday at 5:00 p.m.
Father: Tuesday at 5:00 p.m. until 8:00 p.m.
Mother: Tuesday at 8:00 p.m. until Friday at 5:00 p.m.
Father: Friday at 5:00 p.m. until Monday at 5:00 p.m.
Mother: Monday at 5:00 p.m. until Tuesday at 5:00 p.m.
Father: Tuesday at 5:00 p.m. until Friday at 5:00 p.m.

to increase the hours the child attended preschool, which she acknowledged would limit the amount of time the child was cared for by Jeffrey's family. Despite the less-extensive change in circumstances required for a modification of visitation, the court concluded Stephanie had failed to meet her burden of proof, stating:

> The Court is convinced that both parents love [the child.] The Court finds that is was in the contemplation of the Court at the time of the entry of the original order herein on April 3, 2012, that [Jeffrey's] visitation would include him "and the minor child's extended families." (See [Paternity Decree], paragraph four, page 2). It was within the contemplation of the Court that [the child] would spend time with Jeffrey's family. Therefore, the application to modify visitation is denied.

The court modified Jeffrey's child support obligation pursuant to the child support guidelines, and denied Jeffrey's request for attorney fees. Stephanie appeals.

## II.     Standard of Review

Our review in this equity action is de novo; we give deference to the trial court's fact findings, especially those involving the credibility of the witnesses, but we are not bound by those findings. Iowa Rs. App. P. 6.907, 6.904(3)(g); *see also Nicolou v. Clements*, 516 N.W.2d 905, 906 (Iowa Ct. App. 1994).

## III.    Analysis

Stephanie sought to modify Jeffrey's visitation with the parties' child. "The burden to change a visitation provision in a decree is substantially less than to modify custody." *In re Marriage of Malloy*, 687 N.W.2d 110, 113 (Iowa Ct. App. 2004). "[T]o justify a modification of visitation rights, the plaintiff must show there

has been a change of circumstances since the filing of the decree." *Nicolou*, 516 N.W.2d at 906. Our focus is always on the best interests of the child. *Id.*

We agree with the district court that Jeffrey's work schedule and the fact that Jeffrey's visitation with the child included time with extended family members do not constitute a change in circumstances justifying modification of visitation. Indeed, the paternity decree contemplated the child would spend time with extended family members. The decree's provision concerning where the child could reside and attend school was made "[i]n order to accommodate the present visitation schedule" and "allow maximum contact between the minor child and both parents *and the minor child's extended families*." It is in the child's best interests to maintain contact with both parents and the child's extended families.

We give deference to the trial court's opportunity to view the witnesses and determine the facts. *Nicholou*, 516 N.W.2d at 906. "[W]e recognize the reasonable discretion of the trial court to modify visitation rights and will not disturb its decision unless the record fairly shows it has failed to do equity." *In re Marriage of Salmon*, 519 N.W.2d 94, 95 (Iowa Ct. App. 1994). During the course of these proceedings, Stephanie and Jeffrey worked together to allow their child participate in preschool. We believe they can work together to foster the child's relationships with one another and their respective families. Considering the circumstances as a whole, we cannot find a change justifying modification of visitation. We affirm.

## IV. Attorney Fees

Jeffrey requests appellate attorney fees. Such an award rests in our discretion, and is based on the merits of the appeal, Jeffrey's needs, and

Stephanie's ability to pay. *See In re Marriage of Sullins*, 715 N.W.2d 242, 255 (Iowa 2006). We decline to award attorney fees.

Costs on appeal are assessed to Stephanie.

**AFFIRMED.**